UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER Y. USENKO, Individually and on behalf of the SunEdison Retirement Savings Plan, and all other similarly situated Plan Participants and beneficiaries, | ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 4:16 CV 76 RWS |
| SUNEDISON, INC., et al., | ) ) ) |
| Defendants. | ) |

# **ORDER**

Plaintiff Alexander Usenko filed this proposed class action lawsuit seeking damages allegedly sustained by members of Defendant SunEdison Inc.'s Retirement Savings Plan. Usenko has filed a motion to consolidate three other related cases with this case. Those case are: <u>Dull v. SunEdison, Inc., et al.</u>, 4:16 CV 173 RWS; <u>Linton v. SunEdison, Inc., et al.</u>, 4:16 CV 199 RWS; and <u>Wheeler v. SunEdison, Inc. et al.</u>, 4:16 CV 226 RWS. In his motion[1], Plaintiff represents

---

[1] Plaintiff's motion is styled "Plaintiffs' Notice of Motion and Motion for Entry…" for some unknown reason. In future Plaintiff shall call a motion a motion and a notice a notice and shall not conflate "notice of motions" with motions. Under the Local Rules Plaintiff should have filed the motion to consolidate in this case and only a notice of the motion in the related cases. Plaintiff failed to follow that rule. The day the motion to consolidate was filed in this case, Plaintiff filed the same motion in Case No. 4:16 CV 173 RWS instead of simply filing a notice per the Local Rules. Moreover, the day after the motion was filed, Plaintiff filed only the memorandum for support of the motion in Case No. 4:16 CV 199 RWS instead of a notice of a motion. Finally, Plaintiff failed to file a notice of the

that the named Plaintiffs in the related cases and Defendants consent to the consolidation of these actions.

However, rather than limiting the motion to seek consolidation, Plaintiff also seeks the entry of a proposed order which designates a "Master File Docket" number and establishes "efficient procedures for filing and docketing papers with the Clerk of Court." Plaintiff has neglected to attach any such proposed order. Moreover, Plaintiff's approach to these issues is presumptuous. If Plaintiff seeks to have me consider a proposal regarding a Master File Docket number and filing and docketing procedures, Plaintiff should file a motion and memorandum in support of such proposals which will be responded to by the other interested parties and considered consistent with the Federal Rules of Civil Procedure and this Court's local rules.[2] In the future, Plaintiff shall refrain from filing freestanding unsolicited unsupported proposed orders.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's motion to consolidate the cases styled Dull v. SunEdison, Inc., et al., 4:16 CV 173 RWS, Linton v. SunEdison, Inc., et al., 4:16 CV 199 RWS, and Wheeler v. SunEdison, Inc. et al., 4:16 CV 226 RWS with this matter [31] is **GRANTED**. The Clerk of Court shall

---

motion, or any document concerning the motion, in Case No. 4: 16 CV 226 RWS. Plaintiff's inability to follow the simple Local Rules does not forebode well.

[2] Plaintiff may file a proposed order as an attachment to the memorandum in support.

administratively close cases numbers 4:16 CV 173 RWS, 4:16 CV 199 RWS, and 4:16 CV 226 RWS and all further filings for those cases should be filed only in this case. The caption of the consolidated cases will be the caption used in this order.

                                                            RODNEY W. SIPPEL
                                                            UNITED STATES DISTRICT JUDGE

Dated this 8th day of March, 2016.